IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER J. HIMMELREICH, | : | |
| Petitioner | : | Criminal Action No. 1:05-cr-00214 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On July 31, 2009, Petitioner Walter Himmelreich filed a motion to vacate under 28 U.S.C. § 2255. (Doc. No. 140.) He moved to supplement his motion to vacate on February 22, 2010. (Doc. No. 162.) On October 20, 2010, the Court denied both motions and further ordered that a certificate of appealability would not issue. (Doc. No. 167.) On November 4, 2010, Petitioner filed a motion for reconsideration under Rule 59. (Doc. No. 168.) For the reasons stated herein, the Court will deny Petitioner's motion.

## I. BACKGROUND

Petitioner was arrested on November 9, 2004, after making arrangements to meet with a woman whom he believed would allow him to have sexual contact with her two minor daughters. The woman was an undercover agent, however, and Petitioner was taken into custody when he arrived at the designated meeting place. Petitioner voluntarily waived his Miranda rights and confessed to using the internet to discuss the possibility of performing sex acts on her minor children. He further admitted to engaging in sexual contact with his six-year-old daughter and taking nude photographs of her. A warrant to search his home was issued on the basis of these statements. The subsequent search yielded evidence that Petitioner had sent the

1

photographs of his daughter to at least one other individual.

Petitioner was indicted in federal court on June 1, 2005, for knowingly producing, possessing, and distributing child pornography. (Doc. No. 1.) He entered a plea of not guilty. (Doc. No. 15.) On August 9, 2005, Attorney Frederick Ulrich was appointed to represent Petitioner. On October 21, 2005, Petitioner filed a motion to dismiss the charges for violation of the Speedy Trial Act, a motion to suppress his confession as obtained in violation of the Fifth Amendment, and a motion to suppress evidence as obtained in violation of the Fourth Amendment. (Doc. Nos. 29, 31, 33.) The Court denied all three motions on June 16, 2006. (Doc. No. 95.) Petitioner accepted a plea agreement, and pleaded guilty to Count 1 of the Second Superseding Indictment: production of child pornography in violation of 18 U.S.C. § 2251(b). (Doc. Nos. 101, 103.) The Court sentenced Petitioner to, <u>inter alia</u>, 240 months imprisonment on December 18, 2006. (Doc. Nos. 113, 114.)

Petitioner timely appealed on December 27, 2006, challenging his sentence and the Court's rulings on his pre-trial motions. (Doc. No. 115.) The United States Court of Appeals for the Third Circuit affirmed the judgment of conviction and the sentence on March 27, 2008. (Doc. No. 134-2.) On April 3, 2009, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. (Doc. No. 135.) The Court issued a standard Miller-Mason notice of election, to which Petitioner responded that he wished to withdraw his initial filing and file one all-inclusive petition. (Doc. No. 138.) On July 31, 2009, Petitioner filed a new motion to vacate under 28 U.S.C. § 2255. (Doc. No. 140.) He moved to supplement his motion to vacate on February 22, 2010. (Doc. No. 162.) On October 20, 2010, the Court denied both motions and further ordered that a certificate of appealability would not issue. (Doc. No. 167.)

## II. STANDARD OF REVIEW

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly-discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

## III. DISCUSSION

Petitioner has filed a forty-four paragraph motion for reconsideration in which he raises a

litany of claims. (Doc. No. 168.) Construing the pro se motion liberally, the Court finds:

1. Paragraphs 1 through 5 appear to raise a claim of newly discovered evidence related to statements made in a suppression hearing;
2. Paragraphs 6 through 8 appear to raise a Brady claim;
3. Paragraph 9 appears to allege that the indictment was invalid;
4. Paragraph 10 appears to allege the images of his six-year-old daughter do not constitute child pornography;
5. Paragraphs 11, 28, 29, and 32 appear to allege that the Court erred in not holding an evidentiary hearing on his motion to vacate;
6. Paragraph 12 appears to allege that the Court erred in not advising Defendant of the right to enter an "Alford plea";
7. Paragraph 13 appears to allege that the Court did not sufficiently discuss the terms of the plea agreement;
8. Paragraph 14 appears to allege that the Court erred in not considering his pro se Interstate Agreement on Detainers Act motion filed before trial;
9. Paragraph 15 appears to allege counsel was ineffective for not raising an Interstate Agreement on Detainers Act claim;
10. Paragraph 16 appears to allege a violation of the Fifth Amendment's prohibition on Double Jeopardy;
11. Paragraphs 17 through 19 and 37 appear to allege that the Court erred in its analysis of Petitioner's restitution payments;
12. Paragraphs 20 through 22 appear to challenge the length of Petitioner's sentence;
13. Paragraphs 23 through 26 appear to challenge the Court's findings regarding his motion to suppress his confession;
14. Paragraph 27 appears to allege that the Court caused Petitioner to be assaulted in prison by failing to keep the pre-sentence report confidential;
15. Paragraphs 30 through 31 appear to allege Petitioner's rights were violated because he did not receive the pre-sentence report prior to sentencing;
16. Paragraph 33 appears to challenge the Court's order regarding his motion to suppress the evidence found in his automobile;
17. Paragraph 34 through 35 appear to challenge the terms of his supervised release as violating the Eighth Amendment prohibition on cruel and unusual punishment;
18. Paragraph 36 appears to allege counsel was ineffective for failing to rely on Arizona v. Gant, 129 S. Ct. 1710 (2009), in challenging the search incident to arrest; and
19. Paragraphs 38 through 41 appear to allege that the Court inappropriately analyzed the Speedy Trial Act issue by failing to order a response from the United States.

(Doc. No. 168 ¶¶ 1-41.) The Court will not address each of the claims raised individually. The Court reiterates that a motion for reconsideration is not a means for the moving party to receive a second bite at the proverbial apple by raising issues already resolved or litigating claims that

could have been raised earlier in the proceedings. Rather, the only grounds for granting a motion for reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. Furthermore, newly discovered evidence is only newly discovered if the movant was excusably ignorant of the fact in question at the time the court entered the judgment that movant contests. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).

None of Petitioner's nineteen grounds for relief assert a change in the controlling law. Nor does Petitioner allege the availability of newly discovered evidence as that term is understood in the context of a Rule 59 motion.[1] Nearly all of Petitioner's claims squarely raise issues that the Court addressed fully in its October 20, 2010 order. (Doc. No. 167.) The only issues raised by Petitioner that may be cognizable under Rule 59 are: (1) The claim identified in Paragraph 9, which alleges that this Court misconstrued his argument regarding the dates in his indictment; (2) The claim identified in Paragraph 10, which alleges that this Court failed to address questions regarding the evidence of child pornography; (3) The claim identified in Paragraphs 17 through 19 and 37, which allege that the Court erred in its analysis of Petitioner's restitution payments; and (4) The claim identified in Paragraphs 11, 28, 29, and 32, which allege that the Court erred in not holding an evidentiary hearing on his motion to vacate.

Regarding the first claim, the Court did not err in its analysis of Petitioner's claim

---

[1] The claim of newly discovered evidence in Paragraphs 1 through 5 refers to information that Petitioner claims has been in his possession since September 2007. (Doc. No. 168 ¶ 5.) Petitioner filed his motion to vacate nearly two years after receiving this evidence. (Doc. No. 140.) He cannot now claim that the evidence is newly discovered.

concerning the dates listed in his indictment. In his motion to vacate Petitioner argued that "the Indictment(s) against the Petitioner were overly broad in specificity regarding the timing of the offense(s)." (Doc. No. 140-2 ¶ 18.) The Court found this argument was waived by Petitioner's guilty plea. (Doc. No. 167 at 4-6 (citations omitted).) Further, even if the argument were not waived, the courts have held that "[w]here a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir. 1994) (denying relief where the government failed to establish that the criminal activity took place in the period specified in the indictment); see also United States v. Frankenberry, 696 F.2d 239, 245 (3d Cir. 1982) ("an indictment need not, as a general rule, establish a date with absolute certainty"). Perhaps more to the point, in the Change of Plea Hearing, Petitioner confirmed that the activity in question occurred during the period listed in the Second Superseding Indictment and further clarified that he developed and transmitted the pornographic photographs of his six-year-old daughter in January 2004. (Doc. No. 111 at 33-34.) As such, even if the exact date of the criminal activity were relevant, Petitioner admitted on the record that the activity did take place within the period listed in the Second Superseding Indictment. (Id. at 34-35.) Therefore, this claim of error is not grounds to revisit the Court's prior ruling.

Petitioner's second claim, that the Court failed to "mention the fact that the Petitioner complained that the photographs in question were never viewed by the Court prior to the Petitioner's Sentencing Hearing" is similarly meritless. Initially, after a review of Petitioner's motion to vacate, the Court is unable to locate this claim. However, even if it were raised in his motion, it would not be grounds to vacate the sentence. Petitioner pleaded guilty to producing

child pornography falling under "the lewd and lascivious definition as opposed to the depicting sexual contact definition." (Doc. No. 111 at 33.) There was no need to examine the evidence to ensure that it met the "identifiable minor clause" because Petitioner pleaded guilty to violating 18 U.S.C. § 2251(b) and admitted to facts sufficient to establish his guilt. (Id. at 33-36.)

Petitioner asserts that the Court erred in its evaluation of the issue of restitution. In Paragraphs 17, 19, and 37, Petitioner seems to assert that the Court improperly delegated the monetary payment schedule to the Bureau of Prisons. However, as the Court explained, in the judgment filed by the Court on December 21, 2006, the Court provides detailed instructions on Petitioner's payment schedule, which included both the payment of fines and restitution. (Doc. No. 114 at 5-7.) To that end, there was no error of fact. In Paragraph 18, Petitioner asserts that his rights were violated because he was not aware that the Court was considering fines or restitution. However, before he pleaded guilty, Petitioner was advised that a violation of 18 U.S.C. § 2251(b) carried a potential fine of $250,000 and a special assessment of $100. (Doc. No. 111 at 17.) The Court further advised him that he was subject to "any lawful sentence the Court might impose." (Doc. No. 111 at 29.) More fundamentally, however, this argument was never raised in the motion to vacate, and it thus not an appropriate subject for a motion for reconsideration of the Court's judgment on that motion.

Finally, Petitioner's quarrel with this Court's decision to rule on his motion without holding an evidentiary hearing is similarly without any support in law. The decision whether to hold a hearing when a prisoner moves to vacate a judgment under 28 U.S.C. § 2255 is left to the sound discretion of the district court. Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the

7

claim may be decided on the record without a hearing. See Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a 28 U.S.C. § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect to proceed without an evidentiary hearing. See Nicholas, 759 F.2d at 1075. "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). Petitioner's motion was nothing more than a series of unsupported claims having, at best, only a marginal relationship to the law or the facts of his case. An evidentiary hearing on his claims would have inevitably devolved into a futile and hollow charade accomplishing little more than providing Petitioner with a brief respite from his incarceration.

**ACCORDINGLY**, on this 6th day of December 2010, upon consideration of Defendant Himmelreich's motion to reconsider (Doc. No. 168), **IT IS HEREBY ORDERED** that the motion is **DENIED.**

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania